```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                 EASTERN DISTRICT OF VIRGINIA

                      Alexandria Division

JOSEPHINA VALLADARES,         )
    Next Friend of            )
    James Valladares          )
         v.                   )
                              )      1:06cv1378(JCC)
VICTOR CORDERO,               )
                              )
    Defendant.                )
```

## **M E M O R A N D U M   O P I N I O N**

Plaintiff Josephina Valladares filed this action on behalf of her son, James Valladares ("James"), pursuant to 42 U.S.C. § 1983, alleging that Defendant Officer Victor Cordero ("Cordero") violated his constitutional rights by using excessive force while arresting him.[1]  Plaintiff also alleges claims of battery and negligence under Virginia law.  On January 5, 2007, Defendant filed a Motion to Dismiss or, in the alternative, Motion for Summary Judgment as to Plaintiff's § 1983 claim, which was denied.  The Court granted Defendant leave to amend the motion to address Plaintiff's state law claims.  This motion is currently before the Court.  For the reasons that follow, the Court will grant Defendant's motion as to claims of simple negligence, but will deny Defendant's motion as to claims of battery and gross negligence.

---

[1] To avoid confusion between Boris and James Valladares, the Court will refer to them by their first names.

1


## I. Background[2]

On Friday, December 8, 2005 at approximately 8:00 p.m., Officers Victor Cordero and Anthony Notarantonio ("Notarantonio") of Prince William County Police Department responded to a report of a domestic disturbance at 9414 Chatham Street in Manassas, Virginia.  Officer Cordero arrived first and met with Plaintiff Josephina Valladares and her son, Boris Valladares ("Boris").  Boris appeared to be heavily intoxicated and was arguing loudly with his mother.  Officer Cordero allowed the situation to resolve without his involvement, and as he began to leave, Officer Nontarantonio arrived.  The officers talked briefly and walked out of the house.

Once outside the house, the officers noticed Plaintiff's younger son, James, leaning against a car in the driveway.  At the time, James was 15-years-old, approximately 5'3" tall, and 130 lbs.  The officers addressed James to discover his identity and determine whether he had any involvement in the domestic encounter.  Suddenly, Boris came out of the house and began yelling.

In response to Boris's disorderly conduct after emerging from the house, Officer Notarantonio approached Boris

---

[2] The facts recited here are derived from the Complaint; Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment; Plaintiff's opposition to Defendant's Motion; and supporting documentation.  Where in dispute, the facts are construed in favor of Plaintiff. *See Porter v. United States Alumoweld Co.*, 125 F.3d 243, 245 (4th Cir. 1997).

and a scuffle ensued.  Notarantonio, with Cordero's aid, attempted to place Boris under arrest for public intoxication.  Boris fought the attempts of both officers to handcuff him, thereby resisting arrest.[3]  James observed that his brother was bleeding from his head striking the concrete, and that both officers were still on top of him.  At this moment, James approached the scuffle and tried to push Officer Cordero off Boris.  Cordero, at approximately 6'2" and 250 pounds, turned to the 15-year-old, 130-pound boy and slammed his head into an adjacent vehicle in an attempt to subdue him.  James went "limp" and ceased fighting.  Nevertheless, Cordero slammed the boy's head into the car two more times, causing him to fall to the ground.  Cordero picked James up from the ground and slammed him headfirst into the car two additional 0times.[4]  With Plaintiff now subdued, Cordero administered a taser stun to Boris, who was then handcuffed.  An ambulance soon arrived and took Plaintiff to the hospital, where a medical doctor confirmed that Plaintiff's jaw was broken.

On December 7, 2006, Plaintiff filed a Complaint in this Court alleging a violation of constitutional rights by using excessive force pursuant to 42 U.S.C. § 1983.  Plaintiff also

---

[3] At this point of the altercation, the accounts of the parties are materially disputed.

[4] Officer Cordero disputes this claim and asserts that Plaintiff continued to fight with Cordero, and that he "pulled" James along the vehicle.

alleges state law tort claims of battery and negligence. As relief, Plaintiff seeks $100,000 in compensatory damages and $300,000 in punitive damages.

## II. Standard of Review

Summary judgment is appropriate only if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Evans v. Techs. Applications & Serv., Co.*, 80 F.3d 954, 958-59 (4th Cir. 1996)(citations omitted). In reviewing the record on summary judgment, the Court is required to resolve all genuine disputes as to any material facts in favor of Plaintiff, the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## III. Analysis

Defendant moves this Court to dismiss Plaintiff's state law claims of battery and negligence on the grounds that these claims are barred by sovereign immunity. As to Plaintiff's claim of battery, which is an intentional tort, Virginia case law is clear on this point: state employees are not entitled to a protection of sovereign immunity when accused of an intentional tort. *See Tomlin v. McKenzie*, 468 S.E.2d 882, 884 (Va. 1996); *Fox v. Deese*, 234 S.E.2d 699, 706 (Va. 1987); *Elder v. Holland*, 155 S.E.2d 369, 372-73 (Va. 1967). *See also Coppage v. Mann*, 906

4

F.Supp. 1025 (E.D. Va. 1995).  Defendant agrees with this interpretation in admitting that sovereign immunity does not extent to state law claims of intentional misconduct, (Def.'s Suppl. Mot., 3) but instead argues that there is no evidence to show intent to harm.  This Court disagrees.  Taking the disputed facts in favor of Plaintiff, the repeated slamming of a defenseless, 130-pound, 15-year-old boy's head is clearly evidence of an intent to do harm.  Thus, Defendant's motion will be denied, and sovereign immunity will not be extended to bar Plaintiff's intentional tort claim of battery.

Next, with respect to negligence, sovereign immunity bars all but gross negligence under Virginia law.  *Colby v. Boyden*, 400 S.E.2d 184, 186-87 (Va. 1991).  Plaintiff does not dispute this assessment of Virginia law, but instead claims she has alleged sufficient facts to support a claim for gross negligence.  Gross negligence is the "absence of slight diligence, or the want of even scant care." *Colby*, 400 S.E.2d at 186-87.  Again, taking the genuinely disputed facts in the light most favorable to Plaintiff, this Court finds that a reasonable trier of fact could find Officer Cordero's actions (mentioned *supra*) completely lacking even the slightest of amount of care, and thus, could constitute gross negligence.  Accordingly, Defendant's motion will be granted as to any claim of simple negligence, but denied as to any claim of gross negligence.

Plaintiff's complaint only mentions simple negligence, not gross negligence, despite having alleged sufficient facts for a claim for gross negligence and submitted sufficient evidence to avert summary judgment as to that claim.  In accordance with Rule 15(b), Plaintiff's claim of negligence will be amended to gross negligence to conform with the pleadings and evidence.[5]

### IV.  Conclusion

For these reasons, this Court finds that Defendant's Motion to Dismiss or, in the alternative, Motion for Summary Judgment will be granted as to Plaintiff's claim of negligence, but will be denied as to Plaintiff's claims of battery and gross negligence.

An appropriate Order will issue.


March 8, 2007                        _____/s/_____
Alexandria, Virginia                          James C. Cacheris
                                     UNITED STATES DISTRICT COURT JUDGE

---

[5] This approach is taken in the interests of judicial efficiency.  From Plaintiff's pleadings, it is apparent that she wishes to make a claim of gross negligence, and that Defendant does not dispute that sovereign immunity does not bar such a claim.  Furthermore, after review of Defendant's answer, it already sufficiently addresses any claim of gross negligence made by Plaintiff, and thus, there is no fear of prejudice to Defendant.  Therefore, this Court will amend Plaintiff's claim of negligence to be a claim of gross negligence to avoid the cumbersome steps of: (1) granting Plaintiff leave to amend his complaint; (2) Plaintiff serving the amended Complaint on Defendant; and (3) Defendant having to serve a new answer.  Any objection to this action by the Court must be made within 10 days.